UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CRISTIAN C. BROWN,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )   Civil Action No. 03-01376 (PLF)
KENNETH Y. TOMLINSON, Chairman,     )
Broadcasting Board of Governors,    )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. Upon consideration of defendant's motion, plaintiff's opposition, and defendant's reply, the Court must grant defendant's motion.

I.  BACKGROUND

Plaintiff, an African-American male, brings this employment discrimination and retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff works for defendant as an Internet News Writer/Editor, and also runs a personal business designing, developing, and maintaining websites for commercial clients. See Complaint ¶ 3; Pl.'s Ex. 3, Affidavit of Christian Craig Brown ("Second Aff. of Brown") at 1.

On July 2, 2001, plaintiff applied to work as an Assistant Internet Development Coordinator (M/P-01-119). See Complaint ¶ 10. Applicants were divided into "certificates"

1

based on their GS level, with higher ranked applicants receiving first consideration.  See Second Aff. of Brown at 2.  After applying for the job, plaintiff was promoted from a GS-12 to a GS-13, but never informed the reviewers of his application of the promotion.  See id.; Complaint ¶¶ 10, 12.  Plaintiff contacted supervisors attempting to secure an interview for the position, but by the time plaintiff heard back from them, the position had been filled by a white candidate without extensive experience in web development or design.  See Second Aff. of Brown at 2-3.

On August 15, 2001, another position as an Assistant Internet Development Coordinator (M/P-01-151) became available, and plaintiff again applied.  See Complaint ¶¶ 22, 23.  Candidates were again placed into different certificates based on their GS level.  See id. ¶ 25.  Despite being placed on the proper GS-13 application certificate, plaintiff was the last candidate called for an interview.  See Second Aff. of Brown at 3.  Defendant again declined to select plaintiff for the position, and eventually hired a white male who did not have experience working on international news websites.  See id. at 4.

Plaintiff alleges that he was denied the positions because of his race and in retaliation for his previous EEO complaint filed in 1996.  See Complaint ¶ 4, 35.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). When considering a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Id. at 255; see also Washington Post Co. v. United States Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).

On a motion for summary judgment, the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in her favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50. To defeat summary judgment, a plaintiff must have more than "a scintilla of evidence to support his claims." Freedman v. MCI Telecommunications Corp., 255 F.3d 840, 845 (D.C. Cir. 2001).

III. DISCUSSION

*A. Exhaustion of Administrative Remedies*

Federal employees must exhaust their administrative remedies before filing suit. See 42 U.S.C. § 2000e-16(c); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). Employees who allege discrimination must consult with an agency EEO counselor before filing a written complaint with the agency accused of discriminatory practices. See 29 C.F.R. § 1614.105(a); 29 C.F.R. § 1614.106(a)-(c). The agency must then investigate the matter, after

which the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. See 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). Complainants may file a civil action after receiving a final decision from the agency or after a complaint has been pending before the EEOC for at least 180 days. See 42 U.S.C. § 2000e-16(e); 29 C.F.R. § 1614.407.  "Complainants must timely exhaust these administrative remedies before bringing their claims to court." Bowden v. United States, 106 F.3d at 437; see Baker v. Library of Congress, 260 F.Supp. 2d 59, 65 (D.D.C. 2003) ("Title VII confers the right to file a civil action in federal court only when a party has been 'aggrieved by the final disposition of his [administrative] complaint, or by the failure to take final action on his complaint.'") (quoting 42 U.S.C. § 2000e-16(c)); Price v. Greenspan, 2005 WL 1492201, at *5 (D.D.C. 2005) ("federal employees may only bring Title VII lawsuits in federal district court if they have exhausted remedies available through administrative processes.").

    The Court finds that plaintiff failed to exhaust his administrative remedies. Although plaintiff acted properly in seeking a hearing from an EEOC administrative judge, plaintiff's subsequent failure to comply with EEOC procedures, his incomplete and tardy discovery replies, and his half-hearted efforts at his own discovery indicate that plaintiff did not seriously attempt EEOC administrative review.

    Plaintiff requested that an EEOC administrative judge review his complaint, and on January 9, 2003, both parties received an Acknowledgment and Order ("Order") from the EEOC ordering that the parties: initiate discovery within 20 calendar days from receipt of the Order; respond to all discovery requests within 15 calendar days; and complete discovery entirely within 45 days of their receipt of the Order. See Declaration of Nicole J. St. Louis ("St. Louis

Decl.") ¶¶ 4, 9; Attachment 1 to St. Louis Decl. at 3.[1]  The Order cautioned that failure to comply with its terms "may result in sanctions."  Attachment 1 to St. Louis Decl. at 4.

Defendant timely began discovery by January 29, 2003.  See St. Louis Decl. ¶ 9.  On February 13, 2003, plaintiff requested more time to respond to defendant's discovery requests, citing plaintiff's counsel's "military commitments," and secured an extension until February 20, 2003.  Id. ¶¶ 15, 17; Attachment 5 to St. Louis Decl. at 1.  Plaintiff, however, did not begin discovery before February 5, 2003 as required by the Order.  St. Louis Decl. ¶ 18; Attachment 6 to St. Louis Decl. at 1.

On February 14, 2003, plaintiff requested that the deadline for completing discovery be postponed until March 31, 2003, and the Administrative Judge granted the request.  See St. Louis Decl. ¶¶ 17-19; Attachment 6 to St. Louis Decl. at 1.  Plaintiff then failed to respond to defendant's discovery requests by February 20, 2003, the date specifically requested by plaintiff's counsel.  See St. Louis Decl. ¶ 22.  He provided a partial response to defendant's discovery requests on March 6, 2003, answering defendant's ten requests for admissions but ignoring 19 interrogatories and 15 document requests.  See Id. ¶ 30; Attachment 9 to St. Louis Decl.  Also on March 6, 2003, defendant filed a motion to compel plaintiff's response to defendant's outstanding discovery requests.  See St. Louis Decl. ¶ 36; Attachment 11 to St. Louis Decl.  On the same date, the Administrative Judge ruled that plaintiff "did not initiate discovery

---

[1]  Although the Court must view the evidence in the light most favorable to plaintiff on this motion for summary judgment, plaintiff does not rebut defendant's factual allegations with respect to plaintiff's conduct before the EEOC Administrative Judge.  The Court therefore accepts defendant's uncontested version of these events and relies primarily upon the Declaration of Nicole J. St. Louis.

in a timely manner," and gave plaintiff until the "close of business" on March 7, 2003 to initiate discovery. Attachment 10 to St. Louis Decl.

Plaintiff again missed the deadline to begin discovery, faxing his first discovery request at 5:15 PM on March 7, 2003. See St. Louis Decl. ¶ 37; Attachment 12 to St. Louis Decl. Plaintiff never answered defendant's remaining discovery requests and never responded to the motion to compel. Instead, on March 12, 2003, plaintiff's counsel contacted defendant and the Administrative Judge to announce his intention of withdrawing his EEOC complaint and filing suit in district court. See St. Louis Decl. ¶ 40. On March 24, 2003, plaintiff filed a motion to withdraw his complaint, and the Administrative Judge issued an Order of Dismissal on March 25. See id. ¶ 43.

In Rann v. Chao, 346 F.3d 192, 197 (D.C. Cir. 2003), the D.C. Circuit held that a plaintiff's refusal to cooperate with the administrative process barred his age discrimination suit under the ADEA, 29 U.S.C. §§ 621-634, which, like Title VII, requires plaintiffs to exhaust their administrative remedies prior to filing suit in district court. In Rann, plaintiff failed to produce a sworn affidavit at the demand of the EEO investigator overseeing the case, despite the investigator's repeated requests over a period of six months. Rann v. Chao, 346 F.3d at 196. The agency eventually dismissed Rann's complaint because of Rann's "stonewalling," and the district court and the D.C. Circuit concluded that Rann's "non-cooperation with the . . . EEO investigator represented a failure to exhaust his administrative remedies." Id. at 195. This Court finds that plaintiff, like Rann, failed to pursue reasonably his administrative remedy.

Plaintiff argues that the Court must apply "equitable principles" and excuse plaintiff's failures before the EEOC Administrative Judge. See Opposition to Motion for

Summary Judgment at 3. Plaintiff blames his former counsel, Miguel Sapp, who represented him at all times before the EEOC, for any "misconduct or non cooperation" during administrative proceedings, as plaintiff was not aware of any "missed deadlines" and was not "privy to any phone conversations between the EEOC Administrative Judge" and counsel for both parties. Id.; Pl.'s Ex. 2, Affidavit of Cristian Craig Brown at 1-2. Indeed, Sapp appears to have been slow in submitting a "Designation of Representation" form during the EEOC proceedings, and apparently was unable to respond to defendant's discovery requests on time because of his "military commitments." St. Louis Decl. ¶¶ 7-8, 10, 12; Attachment 5 to St. Louis Decl. at 1. Those commitments, however, appear to have ended on January 26, 2003, before defendant even initiated discovery. Attachment 5 to St. Louis Decl. at 7.

Regardless of any inadequacies on the part of Mr. Sapp, "under our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent[.]'" Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92 (1990) (quoting Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)) (quotations omitted)). In Irwin, the plaintiff's Title VII claim was barred in the district court because plaintiff filed suit 44 days after his attorney received the EEOC's "Right to Sue" letter, as Title VII requires that a complaint against the Federal Government be filed within 30 days "of receipt of notice of final action taken" by the EEOC, despite the fact that plaintiff personally did not receive the letter until 29 days before he filed suit. Irwin v. Dep't of Veterans Affairs, 498 U.S. at ; 42 U.S.C. § 2000e-16(c). In the case at bar, plaintiff appeared by his attorney, Sapp, at the EEOC proceedings, and plaintiff is bound by Sapp's apparent decision not to pursue discovery in a timely fashion and his failure to respond to defendant's discovery requests.

Nor does plaintiff's invocation of "equitable principles" furnish plaintiff with any other excuse for his failure to exhaust administrative remedies. While plaintiff is correct that "timeliness and exhaustion are subject to equitable defenses," such as waiver, equitable tolling, and equitable estoppel, plaintiff has offered no justification for applying any of these defenses in the case at hand. Rann v. Chao, 346 F.3d at 195.

### B. Retaliation

Defendant also argues that plaintiff cannot establish a *prima facie* case of retaliation, as plaintiff cannot demonstrate a causal connection between the filing of plaintiff's 1996 EEO complaint and defendant's failure to promote him five and six years later. Although the Court finds it unnecessary to address this issue—as plaintiff's failure to exhaust administrative remedies bars his retaliation claim under Title VII—the Court notes that a five to six year gap between the filing of plaintiff's EEO complaint and the adverse employment actions at issue in this case does appear to be much too long to infer a causal connection between the two events. "The greater the time that elapses between the protected activity and the alleged acts of retaliation . . . the more difficult it is to demonstrate any causal connection and, absent any other evidence, where the gap is sufficiently great it is appropriate to grant judgment for defendant as a matter of law." Saunders v. DiMario, No. 97-1002, 1998 U.S. Dist. LEXIS 23163, *15 (D.D.C. 1998) (eight to ten year gap was not a failure to hire "shortly after" alleged EEO activity); see Hastie v. Henderson, 121 F.Supp. 2d 72, 80 (D.D.C. 2000) ("[T]he passage of nearly two years between the events prevents the finding of a causal connection")(collecting cases). See also Clark Co. School District v. Breeden, 532 U.S. 268, 273 (2001) ("The cases that accept mere

temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality . . . uniformly hold that the temporal proximity must be 'very close.'") (citing <u>O'Neil v. Ferguson Constr. Co.</u>, 237 F.3d 1248, 1253 (10th Cir. 1997)); <u>Willson v. Suntrust Bank</u>, 2004 WL 2958303, **1 (D.C. Cir. 2004) (same); <u>Richmond v. ONEOK, Inc.</u>, 120 F.3d 205, 209 (10th Cir. 1997) (same); <u>Hughes v. Derwinski</u>, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (same).

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust his administrative remedies as required by Title VII.  The Court therefore grants summary judgment in favor of defendant.  An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 10, 2005