UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CRISTIAN C. BROWN,

Plaintiff,

v.

KENNETH Y. TOMLINSON, Chairman, Broadcasting Board of Governors,

Defendant.

Civil Action No. 03-1376 (PLF)

MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion to vacate and alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on his employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Upon consideration of plaintiff's motion, defendant's opposition, plaintiff's reply and the *amicus* brief filed by the Metropolitan Washington Employment Lawyers Association by leave of the Court, the Court grants plaintiff's motion.

I. BACKGROUND

Plaintiff, an African-American male, is employed by defendant as an Internet News Writer/Editor. Complaint ("Compl.") ¶ 3. On July 2, 2001, plaintiff applied for a different position within defendant's agency, that of Assistant Internet Development Coordinator. Compl. ¶ 10. Applicants were ranked by General Schedule ("GS") certificate level. Plaintiff's Opposition to Motion for Summary Judgment, Pl.'s Exh. 3, Second Affidavit of Cristian Craig

Brown ("Sec. Brown Aff.") at 2. Plaintiff alleges that although he is qualified for the position and was promoted while his application was pending, he was not contacted for an interview. Compl. ¶¶ 14, 15, 19. Plaintiff claims that when he attempted to schedule an interview, he did not receive a reply for nearly a month and then was told that the position already had been filled. See Sec. Brown Aff. at 2. A white female who was allegedly less experienced than plaintiff was hired instead. Compl. ¶ 20.

On August 29, 2001, plaintiff applied for an Assistant Internet Design Coordinator position, also at defendant's agency. Compl. ¶¶ 22, 23. Plaintiff claims he was the only one of six applicants who was not initially offered an interview, and that he was eventually contacted for an interview a week later than the other applicants. Id. Plaintiff was again not hired for the position, which was offered first to an Asian-American female and then to a white male, both of whom allegedly had significantly less experience than plaintiff. Id. ¶¶ 28, 29.

Plaintiff filed a formal administrative discrimination complaint against defendant on April 12, 2002. See Defendant's Motion for Summary Judgment, Declaration of Nicole J. St. Louis ("St. Louis Decl.") ¶ 3. Plaintiff alleged in that complaint that he was denied the positions because of his race and in retaliation for a previous EEO complaint that he filed in 1996. Compl. ¶¶ 4, 34. After defendant completed its investigation, plaintiff chose to have a hearing before an EEOC administrative judge before a final decision was made by defendant. Id. ¶ 4. On January 9, 2003, the parties received an Acknowledgment and Order from the EEOC directing both parties to begin discovery within 20 days from receipt of the Order. St. Louis Decl. ¶¶ 4, 9. Defendant timely began discovery on January 29, 2003. Id. ¶ 9. Plaintiff missed his deadline to initiate discovery requests, and moved for more time to respond to defendant's discovery

requests, securing an extension until February 20, 2003. Id. ¶¶ 15, 18. On February, 14, 2003, plaintiff requested that the deadline for completing all discovery be postponed until March 31, 2003, and the administrative judge granted the request. Id. ¶ 17-20. Plaintiff then missed the February 20, 2003 extended deadline to respond to defendant's discovery requests and provided only a partial response on March 6, 2003. Id. ¶¶ 30.

On March 6, 2003, the administrative judge ruled that plaintiff "did not initiate discovery in a timely manner," and gave plaintiff until the "close of business" on March 7, 2003 to initiate discovery. Attachment 10 to St. Louis Decl. Plaintiff faxed his first request after the close of business on March 7, 2003. St. Louis Decl. ¶ 37. On March 12, 2003, the date his remaining discovery requests were due, plaintiff notified defendant and the administrative judge that he planned to withdraw his complaint from the EEOC and pursue his claim in a United States District Court. Id. ¶ 40.

On March 24, 2003, plaintiff filed formal a motion to withdraw his complaint before the EEOC. St. Louis Decl. ¶ 42. The next day, the administrative judge issued an Order of Dismissal of plaintiff's administrative complaint stating that "Complainant has withdrawn his request for a hearing and has served notice of his intent to file a civil action in the United States District Court for the District of Columbia pursuant to 29 C.F.R. § 1614.407(b) (2002)." Attachment 14 to St. Louis Decl.; St. Louis Decl.¶ 43. Plaintiff filed suit against defendant in this Court on June 24, 2003.

On February 23, 2004, defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, arguing first that plaintiff failed to exhaust his administrative remedies and, second, that he was unable to establish a *prima facie* case of

retaliation. Defendant's Motion for Summary Judgment at 1. This Court granted that motion on August 10, 2005, by Memorandum Opinion and Order. Relying on the D.C. Circuit's opinion in Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003), the Court held that plaintiff did not exhaust his administrative remedies because he failed to cooperate with defendant's discovery requests related to his administrative hearing and then abandoned the administrative process altogether by declaring his intention to file suit in federal court. August 10, 2005 Memorandum Opinion at 4, 6-7. The Court further held that plaintiff's retaliation claim was barred as a result of his failure to exhaust his administrative remedies. Id. at 8.

On August 23, 2005, plaintiff moved to vacate and alter this Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. With leave of the Court, the Metropolitan Washington Employment Lawyers Association filed a brief as *amicus curiae* in support of plaintiff's motion on August 29, 2005.

## II. DISCUSSION

### *A. Standard of Review Under Rule 59(e)*

Plaintiff requests that the Court vacate and alter its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir 1996)). Rule 59(e) motions "may not be used to relitigate old matters, or to raise new arguments or present evidence that could have been

raised prior to the entry of judgment." Niedermeier v. Office of Max S. Baucus, 153 F. Supp.2d 23, 28 (D.D.C. 2001).

In his Rule 59(e) motion, plaintiff argues that the Court's judgment was clear error and therefore requests that the Court reconsider its decision and vacate or alter its Order. The defendant opposes the motion, arguing in part that plaintiff is attempting to raise new issues that should have been raised earlier in the litigation. The Court disagrees. In opposing defendant's motion for summary judgment, plaintiff opposed, though somewhat inartfully, defendant's assertion that plaintiff failed to exhaust his administrative remedies. See Plaintiff's Memorandum of Law in Support of Opposition to Motion for Summary Judgment and/or for Dismissal at 2. As part of that opposition, plaintiff argued that Rann v. Chao is inapplicable to the case at bar. See id. at 2-3. In their Rule 59 briefs, plaintiff and *amicus curiae* have refined and developed the arguments plaintiff previously raised in broad terms. The issues and theories, however, are not new to this case and as such they may be considered in this motion.

*B. Exhaustion of Administrative Remedies*

1. Requirements Under 29 C.F.R. § 1614.407

Plaintiff and *amicus curiae* argue that this Court erred in applying Rann v. Chao, 346 F.3d 192 (D.C. Cir. 2003), to an administrative hearing elected by plaintiff when 180 days had elapsed since plaintiff initially filed his administrative complaint.

Federal employees must exhaust their administrative remedies before filing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. 42 U.S.C. § 2000e-16(c); see Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997). Before filing a written

complaint of discrimination with an agency, employees must first consult with an agency EEO counselor to attempt to resolve the matter informally. See 29 C.F.R. § 1614.105(a); 29 C.F.R. § 1614.106(a)-(c). After a complaint is filed, the agency must conduct an investigation of the allegations. See 29 C.F.R. § 1614.106(e)(2). When the investigation is complete, the complainant may choose either to have the agency make a final decision immediately or to have a hearing before an administrative judge before the agency takes its final action. See 29 C.F.R. §§ 1614.108(f), 1614.110(a). In this case, plaintiff chose to proceed before an EEO administrative judge after defendant completed its investigation.

A complainant is deemed to have exhausted his administrative remedies and thus has the right to file suit in district court if any one of the following conditions is met:

> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407 (emphasis added); see also 42 U.S.C. § 2000e-16(c). The D.C. Circuit has held that a complainant may file suit in this Court pursuant to 29 C.F.R. § 1614.407 when the second of these conditions is met -- the passage of 180 days from when the complaint was filed without final action by the agency -- even if there are other administrative remedies available. See Saksenasingh v. Sec'y of Educ., 126 F.3d 347, 350-51 (D.C. Cir. 1997) (plaintiff who settled

with an agency before final action was taken was entitled to sue the agency in district court for breaching the settlement agreement because 180 days had elapsed without final action before the settlement agreement took effect).

In the case at bar, the requisite 180 days had elapsed between plaintiff's filing of his initial complaint against defendant and his withdrawal from the administrative proceeding before any decision on the merits had been made. Plaintiff filed his original administrative complaint on April 12, 2002. See St. Louis Decl. at 1. Through no fault of plaintiff's, discovery in connection with the administrative hearing did not begin until January 29, 2003, more than 270 days after the filing of the initial complaint. See id. at 2. There is no evidence that plaintiff failed to cooperate with the agency's investigation prior to that time, and his complaint was not dismissed for failure to cooperate in the investigation. Compare Rann v. Chao, 346 F.3d at 196 (upholding agency's dismissal of complaint after plaintiff's "months of stonewalling" and failure to comply with EEO investigator's information requests both during and after 180-day investigative period). Since more than 180 days had elapsed before plaintiff withdrew from the administrative proceeding, the plaintiff clearly met the condition set forth in 29 C.F.R. § 1614.407(b) for filing suit in district court. See Wilson v. Peña, 79 F.3d 154, 166 (D.C. Cir. 1996) ("once a complainant files a complaint or appeal and cooperates with the agency or EEOC for 180 days, he is not required to take any further action to exhaust his administrative remedies."). The question remains whether his failure to cooperate with the discovery deadlines before the EEOC obviated that right.

2. Dismissal of a Complaint for Failure to Cooperate

In its Memorandum Opinion issued on August 10, 2005, this Court held that plaintiff failed to exhaust his administrative remedies by his failure to cooperate with discovery requests pertaining to the administrative hearing before the EEOC. See August 10, 2005 Memorandum Opinion at 4. Plaintiff failed to meet virtually every discovery deadline, and when he eventually responded to defendant's requests, he provided only incomplete responses. See id. at 5-6; St. Louis Decl. ¶¶ 15-37. The Court based its decision on Rann v. Chao, 346 F.3d 192, 197 (D.C. Cir. 2003), a case in which a plaintiff's age discrimination suit was barred because plaintiff failed to cooperate with the administrative investigation of his complaint both during and after the 180-day period, and no final action had been taken by the agency. In Rann, however, not only was the plaintiff uncooperative, but his administrative complaint was actually dismissed by the agency due to that lack of cooperation. Id. at 196.

The plaintiff's complaint here was not dismissed for failure to cooperate (although the administrative judge did threaten such action), but rather because plaintiff himself notified the administrative judge after the expiration of more than 180 days from the date of filing of his complaint that he intended to withdraw from the administrative proceeding and file suit in district court. The Order of Dismissal issued by the administrative judge clearly stated that the reason for dismissal was that the "Complainant has withdrawn his request for a hearing and has served notice of his intent to file a civil action in the United States District Court for the District of Columbia pursuant to 29 C.F.R. § 1614.407(b) (2002)." Attachment 14 to St. Louis Decl. The Court therefore should not have granted defendant's motion for summary judgment based on plaintiff's history of non-cooperation with the administrative proceedings once the 180-day

period had elapsed. Failure to cooperate or dilatory behavior at that point in the administrative proceedings alone should not result in the loss of the right to file suit in district court. As the D.C. Circuit has said: A "suit cannot be barred solely for any default in responding to the agency's request for information." Wilson v. Peña, 79 F.3d at 164 (emphasis added). A complainant may be barred from filing suit for failure to exhaust only "[i]f a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim." Id. The Court therefore concludes that in its August 10, 2005 Opinion it misapplied the D.C. Circuit's opinion in Rann v. Chao and overlooked the more apposite decision in Wilson v. Peña. Plaintiff has done all he needed to do to exhaust his administrative remedies under 29 C.F.R. § 1614.407. He therefore is entitled to proceed in this Court.

## III. CONCLUSION

For the reasons stated above, the Court grants plaintiff's motion to vacate and alter judgment pursuant to Rule 59(e). A separate Order consistent with this Memorandum Opinion shall be issued this same day.

/s/________________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: November 17, 2006